In the Matter of Charles CLEVENGER, Debtor.

ILLINOIS NATIONAL BANK AND TRUST COMPANY OF ROCKFORD, ILLINOIS, and General Electric Credit Corporation, Secured Creditors, Appellants,

v.

Charles CLEVENGER, Appellee.

No. 12994.

United States Court of Appeals Seventh Circuit.

Oct. 4, 1960.

William C. Jackson, William H. Barrick, Rockford, Ill., for appellants.

Ralph H. Haen, Rockford, Ill., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and KNOCH, Circuit Judges.

DUFFY, Circuit Judge.

This appeal arises from a wage-earner's plan filed under Chapter XIII of the Bankruptcy Act, 11 U.S.C.A. § 1001 et seq. The appellant, Illinois National Bank and Trust Company (hereinafter called "Bank"), is the holder of a conditional sales contract on a 1958 Rambler automobile. The appellant, General Electric Credit Corporation (hereinafter called "General Electric"), holds a conditional sales contract on a TV set. These items had been sold to Debtor, payments to be made by him in monthly installments.

On August 6, 1959, debtor filed his petition under Chapter XIII of the Bankruptcy Act, seeking an extension of time to pay his debts. He scheduled debts totaling $2,982.90. The Bank and General Electric were the only secured creditors. The plan provided that $97.50 per month be deducted from debtor's wages and be paid to the Trustee. An important provision of the plan was *"secured debts held by creditors who accept the plan shall have priority over the unsecured debts and shall be dealt with severally and will be paid as proved and allowed."* (Emphasis supplied)

All of the general creditors accepted the plan. The executory contracts were assumed as is authorized by the Bankruptcy Act. Counsel for the secured

creditors announced they would reject the plan. The Referee confirmed the plan and all creditors of debtor were by order restrained from interfering with or instituting any action to repossess or levy upon any property in which the debtor claimed an interest.

■ Subsequent to the confirmation, the Bank and General Electric filed separate reclamation petitions. The Referee correctly disregarded the allegations in the petitions that Clevenger had been "adjudicated a bankrupt." Under Chapter XIII proceedings, the wage-earner is not adjudicated a bankrupt but is known as the debtor.

After the filing of the reclamation petitions, the debtor petitioned to increase his payments to $130.00 per month. The debtor also petitioned that the prosecution of the reclamation petitions be enjoined.

On November 17, 1959, the Referee entered an order denying the reclamation petitions. It granted debtor's petition to increase his monthly payments to $130.00. The order also granted the petition of debtor to restrain the proceedings of the Bank and General Electric for reclamation.

The Referee found the debtor, up to the time of filing his petition, had made total payments on the automobile of $1,524.94, including his trade-in allowance, on a car which sold for cash for $3,213.00 and had thereby acquired a substantial equity. He also found that debtor had paid on the TV set a total of $105.20 on an article that sold for cash at $259.95, plus tax, and thus debtor had acquired a substantial equity.

The Bank and General Electric petitioned the District Court for a review. The District Court confirmed the findings and the order of the Referee. This appeal followed.

■ Title 11 U.S.C.A. § 1052 provides that an application for the confirmation of a plan may be filed, but not before it has been accepted in writing by a majority in number and amount of the unsecured creditors, and by the secured creditors whose claims are dealt with by the plan. It is true that the program of payments worked out in the instant case contemplated as large if not larger payments than were required in the purchase contracts. In one sense it might be argued that the plan thus dealt with the secured claims. However, these executory contracts had been assumed by the Trustee; hence, it was his duty to make payments, if possible, in an amount at least as large as was called for in the purchase contracts.

The debtor's plan specifically provided that "secured debts held by creditors who accepted the plan" would be dealt with and paid. Appellants took themselves out of that classification by refusing to accept the plan. They refused to accept payments from the Trustee.

■ Upon oral argument, counsel for appellants conceded that if the plan dealt with only the unsecured creditors, the Court would have exclusive jurisdiction over the debtor and his property. We hold that in this case where the plan did not cover secured creditors who rejected the plan, the Court had jurisdiction of the debtor and all of the property of the debtor in which he had an interest, and possessed the power and authority to enjoin the prosecution of the reclamation petitions. 11 U.S.C.A. § 1014.

The Referee cited In re Duncan, D.C., 33 F.Supp. 997, and concluded that the debtor's petition to restrain should be granted and the petitions to reclaim should be denied at the present time. However, he had in mind that conditions might change, and provided "If, in the future, circumstances should arise which would impair their security or seriously delay payments to them, then of course these creditors would be entitled, upon application, to such relief as might be appropriate."

The order of the District Court confirming the findings and order of the Referee, is

Affirmed.